**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Joshua Alan Koenig,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-25-03426-PHX-DWL

**ORDER**

Plaintiff challenges the denial of his application for benefits under the Social Security Act ("the Act") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed Plaintiff's opening brief (Doc. 12), the Commissioner's "Brief Requesting Remand" (Doc. 13), and Plaintiff's reply (Doc. 14), as well as the Administrative Record (Doc. 8, "AR"), and now reverses the Administrative Law Judge's ("ALJ") decision and remands for further proceedings.

I. Procedural History

Plaintiff filed an application for benefits on March 31, 2023, eventually alleging an amended disability onset date of March 15, 2023. (AR at 17.) The Social Security Administration ("SSA") denied Plaintiff's application at the initial and reconsideration levels. (*Id.*) On June 18, 2025, following a telephonic hearing, the ALJ issued an unfavorable decision. (*Id.* at 17-34.) The Appeals Council later denied review. (*Id.* at 1-3.)

…

II. The Sequential Evaluation Process and Judicial Review

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 416.920(a). The claimant bears the burden of proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant has engaged in substantial, gainful work activity. 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 416.920(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 416.920(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to step four, where the ALJ determines whether the claimant is still capable of performing past relevant work. *Id.* § 416.920(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 416.920(a)(4)(v). If not, the claimant is disabled. *Id.*

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (internal quotations omitted). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

III. The ALJ's Decision

The ALJ concluded that Plaintiff had not engaged in substantial, gainful work activity since the alleged onset date and that Plaintiff had the following severe impairments: "lumbar spondylosis; piriformis syndrome; bilateral knee strain and degenerative joint disease of right knee; asthma; migraine; unspecified depressive disorder; unspecified trauma- and stressor-related disorder; and unspecified alcohol-related disorder." (AR at 19.)[1] Next, the ALJ concluded that Plaintiff's impairments did not meet or medically equal a listing. (*Id.* at 20-23.) Next, the ALJ calculated Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can sit for six hours out of an eight-hour day and stand and/or walk for six hours out of an eight-hour day; occasionally climb ramps and stairs, never climb ladders, ropes, and scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. In addition, the claimant must avoid concentrated exposure to loud noise, vibration, chemicals, odors, dusts, fumes, gases, and hazards, like dangerous moving machinery and unprotected heights. Further, he is able to understand, remember, and carry out simple instructions and make simple work-related decisions in a routine work setting; and he can have occasional interaction with supervisors, coworkers, and the public.

(*Id.* at 23-24.)

As part of this RFC determination, the ALJ evaluated Plaintiff's symptom testimony, concluding that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.* at 25.) The ALJ also evaluated opinion evidence from various medical sources, concluding as follows: (1) Nadine Keer, DO, prior administrative medical findings ("not persuasive"); (2) Denise Trowbridge, MD, prior administrative medical findings ("somewhat persuasive"); (3) Keith W. Cunningham, MD, consultative examiner ("not persuasive"); (4) Kristin Glaubke, NP, treating provider ("somewhat persuasive" as to one opinion and

---

[1] The ALJ also determined that Plaintiff had the non-severe impairments of hepatic steatosis and gastroesophageal reflux disease and that Plaintiff's alleged impairment of panic or anxiety disorder was not medically determinable. (AR at 20.)

"less persuasive" as to other opinion); (5) Benjamin Solomon, MD, treating provider ("unpersuasive"); (6) Elliot Salk, PhD, prior administrative mental health findings ("not persuasive"); (7) Elizabeth Bergmann-Harms, PhD, prior administrative mental health findings ("persuasive"); and (8) Veronica Poore, PsyD, consultative examiner ("persuasive"). (*Id.* at 29-31.) Additionally, the ALJ considered a third-party statement from Plaintiff's wife/caregiver, Tulani Koenig, and deemed it "inherently neither valuable nor persuasive" and less persuasive than "the objective findings, diagnostic testing and medical imagery, and the longitudinal record of treatment." (*Id.* at 31.)

Based on the testimony of a vocational expert ("VE"), the ALJ concluded that although Plaintiff was unable to perform his past relevant work as a school bus driver, stock clerk, and office clerk, he was capable of performing three other jobs that exist in significant numbers in the national economy: (1) mail clerk; (2) router; and (3) outside deliverer. (*Id.* at 31-33.) Thus, the ALJ concluded that Plaintiff was not disabled. (*Id.* at 33-34.)

IV. Discussion

A. **The Parties' Arguments**

Plaintiff raises only one issue on appeal: whether the ALJ failed to provide legally sufficient reasons for discrediting his symptom testimony. (Doc. 12 at 1.) Plaintiff contends that "[r]emand without further administrative proceedings, other than calculation of benefits, would be an appropriate remedy in this case. Only in the alternative should this Court remand for further administrative proceedings." (*Id.* at 14-15.)

In response, the Commissioner concedes that reversal is warranted: "Although the ALJ reasonably considered Plaintiff's subjective complaints of disabling headaches, remand for further proceedings [is] warranted to reconsider Plaintiff's complaints of disabling knee and spinal impairments. Although objective evidence is a valid basis on which to evaluate a claimant's subjective complaints, it cannot be the sole basis for discounting them. The ALJ here only clearly discounted Plaintiff's knee and spinal complaints based on objective evidence, without explaining other reasons for rejecting

Plaintiff's testimony about knee and spinal impairments. While the decision explained how activities contradicted the claimant's psychological complaints and how the claimant's course of treatment undermined Plaintiff's headache and psychological complaints, the decision gave no similar analysis when discussing the claimant's spinal and knee impairments." (Doc. 13 at 4-5.) The Commissioner also notes that "Plaintiff does not contest the ALJ's reasons for discounting Plaintiff's asthma or psychological complaints." (*Id.* at 4 n.1.) As for the form of the remand, the Commissioner argues it should be for further proceedings, rather than for calculation of benefits, because (1) under *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090 (9th Cir. 2014), an ALJ's failure to provide sufficiently specific reasons for discrediting a claimant's symptom testimony does not necessarily trigger a remand for calculation of benefits; (2) as the ALJ noted, there is an array of objective medical evidence that tends to undermine Plaintiff's testimony "that he had minimal ability to stand, walk, or dress himself due to spinal and knee impairments"; (3) although not expressly raised by the ALJ, there is also a contradiction between Plaintiff's symptom testimony, Plaintiff's "fairly conservative treatment history," and Plaintiff's improvement from treatment; and (4) Plaintiff's testimony was also inconsistent with the assessments of the state agency consultants. (Doc. 13 at 5-10.)

In reply, Plaintiff argues that "[t]he Commissioner has not established sufficient grounds for remand for further administrative proceedings over remand for payment of benefits." (Doc. 14 at 3.) Plaintiff contends that *Treichler* is distinguishable because "there are no significant factual conflicts that exist in this case. [Plaintiff] has consistently sought treatment for debilitating migraines, back, and knee pain, including medication trials and Botox injections, and an evaluator at the Veteran's Administration (VA) and the agency's vocational expert confirmed that migraines interfered with [Plaintiff's] ability to sustain competitive work because when he had a migraine he had to lie down (taking him off task)." (*Id.* at 4.) Next, Plaintiff disputes that the existence of "some normal examination findings" was sufficient to discredit his testimony. (*Id.* at 5.) Similarly, Plaintiff disputes whether his course of treatment and improvement from treatment were sufficient to

discredit his testimony. (*Id.* at 5-6.) Last, as for the "conflicting medical opinions," Plaintiff contends they "do not overwhelmingly support remand for further proceedings over payment of benefits" because "the agency medical opinion the ALJ found somewhat persuasive was focused on pain from spinal/knee impairments and did not address the impact of migraine days and how that would preclude work or take [Plaintiff] off task at work." (*Id.* at 6-7.)

B. **Analysis**

"The credit-as-true analysis has evolved in our circuit over time, thus providing a challenge for application by the district court." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). As the Ninth Circuit has clarified in recent opinions, "[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Id.* *See also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) ("[O]ur jurisprudence . . . requires remand for further proceedings in all but the rarest cases.").

On the merits, "[t]he credit-as-true rule has three steps. First, we ask whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Second, we determine whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. And third, if no outstanding issues remain and further proceedings would not be useful, only then do we have discretion to find the relevant testimony credible as a matter of law. Even if all three steps are met, the decision whether to remand a case for additional evidence or simply to award benefits is in our discretion." *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023) (cleaned up). A district court properly exercises its discretion to remand for further proceedings where "there is serious doubt as to whether [the claimant] is disabled." *Leon*, 880 F.3d at 1048. *See also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("[E]ven if all three requirements are met, we retain flexibility in determining the appropriate remedy. We may remand on an open

record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.") (cleaned up).

The credit-as-true rule is inapplicable here. Although step one is satisfied in light of the ALJ's undisputed failure to provide legally sufficient reasons for discrediting Plaintiff's symptom testimony, step two is not—further administrative proceedings would be useful for several independent reasons. First, the ALJ partially credited the opinions of one agency reviewer, Denise Trowbridge, MD. (AR at 29.) Dr. Trowbridge's opinions are inconsistent with Plaintiff's symptom testimony. (*Id.* at 87-88.) On appeal, Plaintiff does not challenge the ALJ's decision to partially credit Dr. Trowbridge's opinions. Further proceedings will thus be useful in allowing the ALJ to determine how to reconcile Dr. Trowbridge's opinions with Plaintiff's symptom testimony. *See, e.g., Washington*, 72 F.4th at 1042 n.8 (where an "administrative record . . . contains several disagreements and inconsistencies," a district court's decision to remand for further proceedings does "not lie beyond the pale of reasonable justification") (cleaned up); *Tina G. v. Saul*, 2021 WL 1579898, *9 (D. Or. 2021) ("[C]onflicts exist between Plaintiff's symptom testimony and the opinion of the state agency consulting physician. . . . [W]hen credited as true there is a direct conflict between Plaintiff's testimony and [that] opinion. Such a conflict requires resolution by an ALJ, and therefore requires this Court to remand for further proceedings.").

Second, although Plaintiff's arguments on appeal focus on whether the ALJ provided sufficient reasons for discrediting two particular components of his symptom testimony (i.e., testimony regarding his knee/back pain and his migraines), Plaintiff also testified that his "TBI" and "mood swings" were among the conditions that prevented him from working. (AR at 53.) In the underlying decision, the ALJ specifically addressed that portion of Plaintiff's testimony and concluded it should be discredited because it was inconsistent with "mental health findings [that] were within normal limits," the results of a mini-mental status examination, and Plaintiff's history of at times "report[ing] having no

psychiatric complaints or obvious psychiatric problems." (AR at 28-29.) Plaintiff does not challenge this aspect of the ALJ's analysis, and under Ninth Circuit law, the ALJ could have discounted the entirety of Plaintiff's symptom testimony once the ALJ determined Plaintiff had provided exaggerated testimony regarding his mental impairments. *See, e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (recognizing that a "tendency to exaggerate" is a "specific and convincing reason[]" for discrediting a claimant's testimony); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) ("To determine whether the claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider . . . ordinary techniques of credibility evaluation, such as . . . prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid . . . ."). *See generally* 9th Cir. Model Jury Ins. 1.14 ("[I]f you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said."). This provides another reason why further proceedings will be useful.

Third, the Court agrees with the Commissioner that the ALJ permissibly viewed Plaintiff's testimony regarding his knee and back pain as inconsistent with the largely normal or mild results reflected in various clinical imaging and examination findings. Additionally, although the Commissioner correctly acknowledges (Doc. 13 at 8 n.7) that this Court may not *affirm* the ALJ's decision based on post hoc rationalizations, the Commissioner has identified colorable reasons why the ALJ may conclude, on remand, that Plaintiff's testimony regarding his knee and back pain was also inconsistent with Plaintiff's treatment history. A remand for further proceedings is warranted under these circumstances. *Treichler*, 775 F.3d at 1105 ("In light of the conflicts and ambiguities in the record, the district court would not abuse its discretion in concluding that not all essential factual issues have been resolved, or that the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. Rather, the record raises crucial questions as to the extent of Treichler's impairment given inconsistencies between his testimony and the medical evidence in the record. These are exactly the sort

of issues that should be remanded to the agency for further proceedings. Where, as in this case, an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.") (cleaned up).

Finally, although the analysis could end there, the Court clarifies that it would exercise its discretion to remand for further proceedings even if all three credit-as-true steps were satisfied. *Washington*, 72 F.4th at 1041 ("Even if all three steps are met, the decision whether to remand a case for additional evidence or simply to award benefits is in our discretion.") (cleaned up); *Brown-Hunter*, 806 F.3d at 495 ("[E]ven if all three requirements are met, we . . . may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security.") (cleaned up). Serious doubt exists here in light of Dr. Trowbridge's unchallenged opinions, the ALJ's unchallenged determination that Plaintiff's symptom testimony lacked credibility in at least certain respects, and the Commissioner's identification of colorable reasons why Plaintiff's testimony regarding his knee and back pain may be viewed as inconsistent with the objective medical evidence and Plaintiff's course of treatment.

Accordingly,

**IT IS ORDERED** that the decision of the ALJ is **reversed** and this matter is **remanded for further proceedings**. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 8th day of September, 2026.

Dominic W. Lanza
United States District Judge